RECEIVED
IN LAKE CHARLES, LA

NOV 2 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STEVEN D. HENDRICK, ET AL | : | DOCKET NO. 07 CV 1649 |
| VERSUS | : | JUDGE WALTER |
| GEORGIA GULF LAKE CHARLES, LLC | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' Motion to Remand. (Doc. 8). This is one of a number of cases that have been filed seeking damages as a result of a leak of ethylene dichloride from the Georgia Gulf Lake Charles, LLC (Georgia Gulf) facility on September 17, 2006. This action was originally filed in the 14th Judicial District Court for Calcasieu Parish, Louisiana. Defendant removed the matter to this court pursuant to 28 U.S.C. § 1441(a) contending that this court had original diversity jurisdiction under 28 U.S.C. § 1332(a). The only defendant named is Georgia Gulf.

This court previously concluded that in a case removed based on diversity jurisdiction Georgia Gulf, as a limited liability company, is considered as having the citizenship of its sole member Georgia Gulf Corporation. *See Report and Recommendation (Doc. 40) & Order (Doc. 43) in Richard v. Georgia Gulf Lake Charles, LLC, 07CV50.* Georgia Gulf Corporation is alleged to be a citizen of Delaware and Georgia. ¶ 5, Notice of Removal. Plaintiffs do not challenge this allegation. Nevertheless, Plaintiffs contend that this court lacks subject matter jurisdiction because: (1) Georgia Gulf is considered to be a citizen of Louisiana so that complete diversity is lacking and (2) this court's exercise of jurisdiction is precluded by 28 U.S.C. §

1332(d)(4).[1]

In arguing that Georgia Gulf is a Louisiana citizen for the purposes of this case Plaintiffs rely on their claim that this is a "mass action" pursuant to 28 U.S.C. § 1332(d)(11), and on a provision added by the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d)(10). This provision provides:

> (10) ***For purposes of this subsection and section 1453***, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. (Emphasis added).

This provision does establish a different rule for determining the citizenship of an unincorporated association, but, as this court previously noted, its application is limited 28 U.S.C. § 1332, subsection d; and 28 U.S.C. § 1453. *Richard, supra.* Subsection (d) of 28 U.S.C. § 1332 was added by CAFA into order "to allow federal courts to hear more interstate class actions on a diversity jurisdiction basis." S.Rep. No. 109-14, at 5 (2005). To that end § 1332(d)(2) provides: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action" in which there is balanced diversity. This expansion of jurisdiction is tempered by exceptions for "intrastate" class actions and small classes. *See* 28 U.S.C. § 1332(d)(3), (4) & (5). These exceptions are specifically confined to the exercise of jurisdiction under § 1332(d)(2). For example, Plaintiffs rely on the "Local Controversy Exception" set out in § 1332(d)(4). Where the prerequisites for the exception are met the statute provides that the "district court shall decline to exercise ***jurisdiction under paragraph (2).***" (Emphasis supplied). The exception found at § 1332(d)(4) does not apply to the court's exercise

---

[1] Plaintiffs do not contend that the requisite amount in controversy is missing, and, in fact, it is facially apparent that this requirement of 28 U.S.C. § 1332(a) is satisfied.

of diversity jurisdiction under § 1332(a). CAFA's expansion of diversity jurisdiction was not accompanied by a restriction of the diversity jurisdiction granted by 28 U.S.C. § 1332(a). Since Defendant is asserting jurisdiction pursuant to § 1332(a) subsection (d) has no application. *See* Report & Recommendation in *Francois v. Georgia Gulf Lake Charles*, LLC, 07 CV 1182.

Georgia Gulf is not considered to be a citizen of Louisiana. There is complete diversity, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, it is recommended that the motion to remand be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of November, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE